United States District Court
Southern District of Texas
**ENTERED**
September 10, 2021
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION

| | | |
|---|---|---|
| VICTOR C. VARGAS, | § | |
| Plaintiff, | § | |
| vs. | § | CIVIL ACTION NO. 5:21-CV-14 |
| MR. S. MA'AT, ET AL., | § | |
| Defendants. | § | |

**REPORT & RECOMMENDATION**

In this civil rights action, prisoner litigant Victor Vargas appears *in forma pauperis* to sue the prison staff in the facility where he is confined, alleging that the staff deprived him of access to a photocopier and library resources. (Dkt. No. 1.) Plaintiff's access was revoked when he attempted to photocopy legal exhibits depicting obscene material, allegedly relevant to his appeal of a denial to file successive Section 2255 motions. *Id.* The exhibits were also confiscated. *Id.* He seeks emotional distress damages of $15 million per day since the deprivation. *Id.* Although Plaintiff's federal conviction was entered in Laredo, Texas, he is confined in the Oakdale Federal Correctional Institution in Oakdale, Louisiana. *Id.* All the events giving rise to the complaint occurred in Oakdale, which is located in Allen Parish, Louisiana, within the Western District of Louisiana, Lake Charles Division. After reviewing the pleadings, the Court recommends that this action be transferred for reasons set forth below.

The Southern District of Texas is not a valid forum for this case. The applicable federal venue statute provides that a civil action may be brought only in one of the following: (1) "a judicial district in which any defendant resides, if all defendants are residents of the State in which

the district is located;" (2) "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred . . . ;" or (3) "if there is no district where the action may otherwise be brought . . . , any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action." 28 U.S.C. § 1391(b). Here, all events giving rise to Plaintiff's claim for emotional distress occurred at the Oakdale Federal Correctional Institution, which is in the Western District of Louisiana, Lake Charles Division. None of the incidents in the complaint occurred in the Southern District of Texas.

Because neither the Defendants nor the alleged legal violations have the requisite connection to the Laredo Division of the Southern District of Texas, the complaint was not properly filed here. *See* 28 U.S.C. § 1391(b); *Trois v. Apple Tree Auction Ctr., Inc.*, 882 F.3d 485, 493 (5th Cir. 2018). A district court has the authority to transfer a case in the interest of justice to another district or division in which the action might have been brought. *See* 28 U.S.C. § 1406(a). A district court has "broad discretion in deciding whether to order a transfer." *Balawajder v. Scott*, 160 F.3d 1066, 1067 (5th Cir. 1999). Here, the interests of justice dictate that Plaintiff's complaint be heard in the venue where the alleged violations occurred. Accordingly, the undersigned Judge **RECOMMENDS** that the District Judge **ORDER** the Clerk of the Court to **TRANSFER** this case to the Western District of Louisiana, Lake Charles Division, pursuant to 28 U.S.C. Section 1406(a), and to terminate all pending motions.

The Clerk shall provide a copy of this report and recommendation to the Plaintiff by **any receipted means.**

SIGNED in Laredo, Texas on September 10, 2021.

*Diana Song Quiroga*
_____
DIANA SONG QUIROGA
United States Magistrate Judge

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

      A copy of this report and recommendation shall be served on all parties. Any party who objects to any part of this report and recommendation must file specific written objections **within 14 days after being served with a copy**. See 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. See *Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).